FILED
United States Court of Appeals
Tenth Circuit

October 30, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOANNE BLACK,

    Petitioner - Appellee,

v.

BERNARD BLACK,

    Respondent - Appellant.

No. 23-1377
(D.C. No. 1:22-CV-03098-DDD-NRN)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Mr. Black filed a notice of removal seeking to remove, based on diversity jurisdiction, a motion filed by his sister, Joanne Black, in a case that has been in the Denver Probate Court since 2012. At the probate court's direction, Joanne Black filed the motion in order to frame certain issues resulting from a remand by the Colorado Court of Appeals. *See Black v. Black*, 482 P.3d 460, 488 (Colo. Ct. App. 2020).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A magistrate judge issued an order to show cause why the matter should not be remanded to the probate court for lack of subject matter jurisdiction and because of certain procedural deficiencies.  The order also directed Mr. Black, who is licensed to practice law in New York, to show cause "why he should not be sanctioned or referred for discipline to the appropriate disciplinary authorities for what appears to be a frivolous and baseless attempt at removal for the purpose of interfering with an ongoing state probate proceeding."  App. vol. 3 at 619 (internal quotation marks omitted).

After the order to show cause was fully briefed, including a response from Joanne Black opposing the removal, the magistrate judge recommended the matter be remanded to the Denver Probate Court.  The magistrate judge also recommended Mr. Black be ordered to pay Joanne's attorney fees and that he be referred to the State Bar of New York.[1]  Mr. Black objected to the magistrate judge's recommendations, but the district court overruled the objections and remanded the matter to the probate court.  Mr. Black appealed the district court's remand order and award of sanctions, but we dismissed the appeal because (1) an order remanding for lack of subject matter jurisdiction is not generally an appealable order, and (2) the district court had not yet fixed the amount of monetary sanctions against Mr. Black.

---

[1] Mr. Black appears pro se.  We therefore liberally construe his pleadings, but we do not assume the role of advocate on his behalf.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*See Black v. Black*, No. 23-1155, 2023 WL 7439109, at \*1, 2 (10th Cir. July 19, 2023).

On referral from the district court, the magistrate judge concluded that Joanne Black's claimed fees of $5,000 were reasonable—particularly in light of the 269 pages of briefing Mr. Black had filed in the matter. The magistrate judge recommended a total award of $5,031.60, including costs, and Mr. Black objected to the recommendation. The district court overruled those objections and ordered Mr. Black to pay the award to his sister's counsel. Mr. Black appealed; the district court has ordered that it will not require Mr. Black to pay the award pending appeal.

Mr. Black contends the district court's imposition of sanctions cannot stand because federal subject matter jurisdiction did exist and his attempt to remove Joanne Black's motion was therefore proper, and the district court's contrary conclusion was legally erroneous. He also argues that he attempted to remove "a civil action" within the meaning of 28 U.S.C. § 1446(b)(1) because Joanne Black's motion in probate court initiated an independent controversy.

Mr. Black further contends that it was improper to impose a bar referral sanction in addition to a monetary award; that the district court failed to give him adequate notice that in considering whether to impose sanctions, the court would consider his conduct in other cases; that the district court misunderstood those other cases; that the sanctions were punitive and therefore warranted "criminal-type procedural protections," Opening Br. at 20; and that it was improper to judge his conduct in cases where he acted in a different legal capacity.

3

We review the imposition of sanctions only for an abuse of discretion. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015). This is true whether the sanction is "rooted in statute, rule or a court's inherent authority." *Id.* "A district court abuses its discretion when it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings." *Id.*

Upon review of the record, the briefs, and the district court's well-reasoned orders, and in light of the appropriate review standards, we discern no reversible error and therefore affirm the award of sanctions for substantially the reasons stated by the district court. We grant Mr. Black's motion to supplement the record. We deny the untimely motions for leave to file amicus briefs.

Entered for the Court

Gregory A. Phillips
Circuit Judge